UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 1, 2016

LETTER TO COUNSEL

RE:   *Ti-shika Randall v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-976

Dear Counsel:

On April 4, 2015, Ti-shika Randall petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's motion for summary judgment and Plaintiff's response. (ECF Nos. 21, 22). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Randall filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on July 25, 2011. (Tr. 240-48). She alleged a disability onset date of August 28, 2008. (Tr. 240, 242). Her claims were denied initially and on reconsideration. (Tr. 129-33, 139-42). A hearing was held on August 8, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 26-68). Following the hearing, the ALJ determined that Ms. Randall was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-25). The Appeals Council denied Ms. Randall's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Randall suffered from the severe impairments of obesity, alcohol dependence, major depression, and personality disorder. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Randall retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently push or pull with the left upper extremity; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; never climb ladders, ropes, and scaffolds; and frequently handle and finger with the left hand. The claimant must avoid concentrated exposure to extreme cold, extreme heat, excessive vibration and hazardous moving machinery and unprotected heights. The claimant can only perform simple routine, repetitive tasks in a low-stress

*Ti-shika Randall v. Commissioner, Social Security Administration*
Civil No. SAG-15-976
July 1, 2016
Page 2

>work environment with no strict production quotas; and can only occasionally and superficially interact with the public, co-workers and supervisors.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Randall could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 19-20).

The Commissioner argues that the ALJ's opinion was supported by substantial evidence at each step of the sequential evaluation. Ms. Randall raises one primary argument in response: the ALJ erroneously found, in the RFC analysis, that Ms. Randall can "frequently push or pull with the left upper extremity" and can "frequently handle or finger with the left hand," which led to the ALJ accepting the VE's testimony that she could perform jobs existing in significant numbers in the national economy. This argument lacks merit and is addressed below.

At the first step of the Agency's five-step sequential evaluation process for determining whether an individual is disabled, the ALJ ruled in Ms. Randall's favor and determined that she has not engaged in substantial gainful activity since her alleged onset date. (Tr. 13). The ALJ then considered, at step two, the severity of the impairments Ms. Randall claimed prevented her from working. Step two is a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If a claimant is found to be suffering from any severe impairment(s), the analysis simply proceeds to the next step. *Id.* At step two, the claimant bears the burden of production and proof. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). The ALJ did not address whether Ms. Randall's left hand/wrist could be considered a severe impairment under step two of this evaluation. However, the ALJ later determined in the RFC analysis that Ms. Randall "does not have a clear, medically determinable impairment of the left upper extremity." (Tr. 18). The failure to address Ms. Randall's left hand/wrist impairment did not prevent the ALJ from continuing to the next step of the disability evaluation process, and any error was harmless.

At step three of the sequential evaluation, the ALJ determined that Ms. Randall's impairments, considered singly and in combination, did not meet or medically equal the criteria of Listings 12.04, 12.08, and 12.09. (Tr. 14). Accordingly, before proceeding to steps four and five of the sequential evaluation, the ALJ assessed Ms. Randall's RFC. *See* 20 C.F.R. §§ 404.1520, 416.920. A claimant's RFC is the most she can still do in a work setting, despite the functional limitations caused by her impairments. 20 C.F.R. §§ 404.945(a)(1), 416.945(a)(1); SSR 96-98p. At the hearing level, the ALJ is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.946(c) 416.946(c). An ALJ may properly base his RFC determination on a claimant's "subjective complaints, the objective medical evidence, and the opinions of treating, examining, and non-examining physicians." *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th

*Ti-shika Randall v. Commissioner, Social Security Administration*
Civil No. SAG-15-976
July 1, 2016
Page 3

Cir. 2011); *see also Colvard v. Chater*, 59 F.3d 165 (4th Cir. 1995) ("The determination of a claimant's [RFC] lies with the ALJ, not a physician, and is based upon all relevant evidence.").

In assessing Ms. Randall's RFC, the ALJ first evaluated the credibility of her subjective complaints. The Fourth Circuit has developed a two-part test for conducting that evaluation. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. In this case, the ALJ found that although Ms. Randall's impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (Tr. 22).

Ms. Randall challenges the ALJ's finding in the RFC analysis that she can "frequently push or pull with the left upper extremity" and can "frequently handle or finger with the left hand." (Tr. 15). Ms. Randall testified that she has trouble pulling or pushing objects due to pain that shoots up her arm. (Tr. 41). Ms. Randall also testified that she has trouble using her left hand because her fingers become stiff. (Tr. 42). Based on the extensive medical evidence, the ALJ found that Ms. Randall's statements lacked credibility. Specifically, the ALJ noted that in September of 2008, Dr. Marcel Reischer saw Ms. Randall for left hand pain, tingling, and numbness, but findings from an EMG/NCV of the upper extremities were within normal limits. (Tr. 16) (citing Tr. 351, 353-54). Dr. Reischer also noted normal findings on examination other than minimal tenderness. (Tr. 16) (citing Tr. 351). In October of 2010, Dr. Robert Macht saw Ms. Randall who reported moderate to severe wrist pain. (Tr. 16) (citing Tr. 355). Dr. Macht found that Ms. Randall had mild crepitation in the left wrist, decreased sensation to light touch, and two point discrimination about her left little, ring, and middle fingers, with negative Tinel's Sign at the elbow and wrist. (Tr. 16) (citing Tr. 355). Also, Ms. Randall had only mild weakness in left hand grip. (Tr. 16) (citing Tr. 355). EMG, MRI, and x-rays of Ms. Randall's left wrist and hand were within normal limits. (Tr. 16) (citing Tr. 356). Dr. Macht concluded that the claimant had a 10% impairment to the left wrist, 10% impairment to the left arm, and 25% permanent partial impairment of the left upper extremity. (Tr. 16) (citing 356). The ALJ assigned substantial weight to this finding in determining Ms. Randall's RFC, because it was consistent with the claimant's clinical signs. (Tr. 16). Additionally, the ALJ noted that during this time period Ms. Randall remained able to do activities consistent with light work, such as riding the bus, shopping, cleaning the house, and doing household chores. (Tr. 16) (citing Tr. 40-41).

Based on the medical evidence, findings of credibility, and daily activities of Ms. Randall, the ALJ assigned Ms. Randall a light RFC. In making this finding, the ALJ gave Ms. Randall the "benefit of the doubt" due to her *other* impairments, namely positive clinical signs and obesity. (Tr. 18). Consequently, based on the ALJ's comprehensive RFC analysis, he presented a proper hypothetical to the VE when he included the limitations that Ms. Randall can "frequently push or pull with the left upper extremity" and can "frequently handle or finger with the left hand." (Tr. 15). The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 166 F.3d 1209, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999)

*Ti-shika Randall v. Commissioner, Social Security Administration*
Civil No. SAG-15-976
July 1, 2016
Page 4

(unpublished opinion), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). As set forth above, substantial evidence supported the ALJ's assessment of Ms. Randall's RFC. As a result, his hypothetical question to the VE was permissible.

      For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge